### Isabella McLaughlin *vs.* John Cosgrove.

The foreclosure of a mortgage of land has the effect of a payment of the debt and makes absolute the title of the mortgagee, although the consideration of promissory notes which the mortgage was made to secure was the price of intoxicating liquors sold in violation of law.

Writ of entry by the heir of a mortgagor of land against the mortgagee in possession after foreclosure. In the superior court, on agreed facts which are stated in the opinion, *Reed, J.,* directed a verdict for the tenant, and reported the case.

*J. C. Kimball,* for the demandant.

*T. H. Sweetser,* (*G. Stevens* with him,) for the tenant.

Chapman, J. The demandant admits that her ancestor, Daniel McLaughlin, gave the tenant two mortgages of the demanded premises; one dated April 25, 1855, and the other dated February 12, 1858; that the tenant entered for foreclosure on the 6th of March 1863; and that the foreclosure was completed prior to the commencement of this action. But it appears that these mortgages were made to secure the payment of notes which were given in payment for intoxicating liquors illegally sold by the tenant to the mortgagor. By the statute then existing, these notes were void; and it is admitted that, if the mortgage had not been foreclosed, this action could be maintained. For, as a security for a debt made illegal by statute, the mortgage could not be enforced against the demandant, who is the heir of the mortgagor. It is necessary, then, to consider the effect of the foreclosure.

A deed of mortgage conveys to the mortgagee the legal title to the land, subject to a condition. If the condition be performed according to its terms, the title of the mortgagee is thereby defeated. If not performed at the day, the legal estate remains in the mortgagee, and an equitable right to redeem by payment at a later day is all that remains in the mortgagor, unless he can show that the consideration was illegal, in which case he may defeat the mortgage altogether. But if the grantee enters for breach of the condition, and keeps possession till the

right to redeem is foreclosed, he then has an absolute title; and the value of the land is applied, by operation of law, to the payment of the debt secured by the mortgage.

In a case like the present, it is as if the mortgagor had purchased the liquors, and paid for them by an absolute conveyance of the land. If, then, the demandant can recover, it must be on the ground that the property given in payment for liquors illegally sold can be recovered back. But such is not the law. Payments made for intoxicating liquors in money, labor or personal property, may be recovered back. Gen. Sts. *c.* 86, § 61. *Walan* v. *Kerby, ante,* 1. But the statute does not extend to payments made in real estate. The demandant has lost her claim to the land by not bringing her action till after the mortgage was foreclosed.

*Judgment for the tenant on the verdict.*