W. A. DUFFEY v. G. A. CAGLE.

(No. 2993.)

APPEAL from Rains County. Opinion by HURT, J.

E. W. TERHUNE, counsel for appellant.

No counsel appeared for appellee.

§ 419. *Affidavit in forma pauperis; sufficiency of; case stated.* Appellant sued appellee in justice's court to

recover $88.41 rents and advances, the former claiming to be the landlord of the latter. Appellant sued out a distress warrant which was levied upon certain of appellee's property, and appellant sought a foreclosure of the landlord's lien upon said property. In justice's court appellant obtained judgment for $52.84 and costs, and a foreclosure of the landlord's lien on said property. Appellee appealed to the county court *in forma pauperis*, and appellant moved to dismiss the appeal upon the ground of the insufficiency of the affidavit made in lieu of an appeal bond, which motion was overruled. On motion of appellee the distress proceeding was quashed, and appellant recovered judgment for $90.55 and costs, but without a foreclosure of the landlord's lien. *Held*, the affidavit *in forma pauperis* is sufficient. It sufficiently and correctly describes the judgment appealed from. It was made before the justice who tried the case while his court was in session, and at the same term of said court at which the judgment was rendered. That the affidavit does not state that the affiant was unable to pay "any part of the costs" does not invalidate it. [Stewart v. Heidenheimer, 55 Tex. 544.] This court formerly held otherwise. [1 App. C. C. § 805.]

§ **420.** *Bond for distress warrant; not invalid because not signed by principal.* It did not render the bond for the distress warrant invalid because it was not signed by the principal, as his name was stated in the body of the bond. It was error to quash the distress proceeding upon this ground.

§ **421.** *Foreclosure of landlord's lien; landlord entitled to, although distress proceeding has been quashed.* It was error to reject testimony offered by appellant to prove the relation of landlord and tenant between appellee and himself, and that the sum sued for was due for rents and advances. Appellant had the right to make this proof notwithstanding the distress proceeding had been quashed, and he was entitled to have a foreclosure of his landlord's lien on the property, if he could show

that such lien existed. [2 App. C. C. § 462; 58 Tex. 675; 61 Tex. 50.]

December 12, 1888. Reversed and remanded.