

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**PRICE DANIEL**
*ATTORNEY GENERAL*

Decmeber 21, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-748

Re: Several questions regard-
ing the effect of the re-
cently adopted Constitution-
al amendment to Section 61
of Art. XVI of the State
Constitution.

Dear Sir:

You have asked several questions regarding the effect of
H.J.R. 36, 50th Legislature, which was recently adopted as an
amendment to Section 61 of Article XVI of the Texas Constitution.
It provides:

"All district officers in the State of Texas
and all county officers in counties having a popu-
lation of twenty thousand (20,000) or more, accord-
ing to the then last preceding Federal Census, shall
be compensated on a salary basis.  In all counties
in this State, the Commissioners Courts shall be
authorized to determine whether precinct officers
shall be compensated on a fee basis or on a salary
basis, with the exception that it shall be manda-
tory upon the Commissioners Court, to compensate all
constables, deputy constables and precinct law en-
forcement officers on a salary basis beginning
January 1, 1949; and in counties having a population
of less than twenty thousand (20,000), according to
the then last preceding Federal Census, the Commis-
sioners Courts shall also have the authority to de-
termine whether county officers shall be compensated
on a fee basis or on a salary basis, with the ex-
ception that it shall be mandatory upon the Commis-
sioners Courts to compensate all sheriffs, deputy
sheriffs, county law enforcement officers including
sheriffs who also perform the duties of assessor and
collector of taxes, and their deputies, on a salary
basis beginning January 1, 1949.

"All fees earned by district, county and precinct
officers shall be paid into the county treasury where
earned for the account of the proper fund, provided

that fees incurred by the State, county and any municipality, or in case where a pauper's oath is filed, shall be paid into the county treasury when collected and provided that where any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the treasury of the county as the Commissioners Court may direct. All Notaries Public, county surveyors and public weighers shall continue to be compensated on a fee basis."

Your first question reads as follows:

"1. Is the foregoing amendment self-enacting or does it require an enabling act?"

In Mitchell County v. City National Bank, 91 Tex. 361, 43 S.W. 880, the Supreme Court quoted with approval from Cooley on Constitutional Limitation:

"A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which these principles may be given the force of law."

In Hemphill v. Watson, 60 Tex. 679, the Supreme Court held that any consitutional provision is self-executing to the extent that anything done in violation of it is void and that parties entering into usurious contracts "did so with the full knowledge that they were doing a prohibitive act for which they might incur penalties if the Legislature should discharge its duty and prescribe them."

Article XVI, Section 61, as amended, provides that it shall be mandatory upon the Commissioners' Courts to compensate the sheriff, deputy sheriffs, constables, deputy constables, county law enforcement officers and precinct law enforcement officers on a salary basis beginning January 1, 1949. This amendment is self-executing to the extent that such officers shall be compensated on a salary basis beginning January 1, 1949. See copies of companion opinions Nos. V-749 and V-750.

Your second and third questions are:

"2. Does the language 'with the exception that it shall be mandatory upon the Commissioner's Court to compensate all Constable, Deputy Constable _and pre-_

cinct law enforcement officers on a salary basis begin-
ning January 1, 1949' include Justice of the Peace?
(emphasis supplied)

"3. Does the language 'with the exception that
it shall be mandatory upon the Commissioner's Court
to compensate all Sheriffs, Deputy Sheriffs and
county law enforcment officers' include the County
Judge, County Attorney, District Clerk and all other
county officers?" (emphasis supplied)

The rule of construction applicable to the foregoing
questions is well stated in the case of San Antonio I.S.D.  v.
State, 173 S.W. 526:

"However, there is a rule of construction as to
constitutional and legislative provisions, known as
the rule of ejusdem generis, which, we think, can
with peculiar aptitude be applied to the section of
the Constitution in question. The ejusdem generis
rule is that, where general words follow an enumera-
tion of persons or things by words of a particular
and specific meaning, such general words are not to be
construed in their widest extent, but are to be held
as applying only to persons or things of the same kind
or class as those specifically mentioned. . . . The
boards enumerated in the Constitution are clearly all
state boards or boards of the state, which, we deem,
for the purposes of a consideration of the question
involved, are the same thing, and, if the rule of
ejusdem generis is applied, it would reject any
boards except those of the same general class, rank,
or grade with those enumerated."

It was held in Satterwhite v. State, 17 S.W. 2d 825:

"While this court has held that a magistrate is
a peace officer within the meaning of the terms of
article 484, P.C. 1925, which, among other things,
makes inapplicable to peace officers the provisions
of article 483, P.C. 1925, defining the offense of
unlawfully carrying arms, we have also held that the
duties of peace officers as defined by the statute
are broader than those of a justice of the peace. A
justice of the peace is a magistrate. Article 33,
C.C.P. 1925. Under the statute relating to the duties
of peace officers, a justice of the peace is not clas-
sified as a peace officer. Article 36 C.C.P. 1925.

"Appellant was not a peace officer in the sense

that his right to effect arrests was governed by the
statutes defining the duties of peace officers."

While the officers mentioned in your second and third
questions may be "law enforcement officers" in a broad sense,
they do not possess similar powers of the sheriffs and consta-
bles (those persons specifically enumerated). We believe that
under the ejusdem generis rule, it was the intention of the Leg-
islature in submitting and of the people in adopting H.J.R. 36
to limit this exempted class to sheriffs, deputy sheriffs, and
other law enforcement officers of that particular type. There-
fore, it is our opinion that Justices of the Peace, County Judges,
County Attorneys, and District Clerks are not "law enforcement
officers" within the meaning of Article XVI, Section 61.

Your fourth question reads as follows:

"4. In the event questions No. 2 and 3 are
answered in the negative may this department on and
after January 1, 1949 pay a District Clerk, County
Attorney or a County Judge any fee earned on or after
January 1, 1949 in a felony case? Said officer or
officers being in a county under 20,000 population
and in which county these officers by election of
the Commissioners' Court are to be paid for the year
1949 on a fee basis."

In counties under 20,000 inhabitants according to the
last preceding Federal Census where the Commissioners' Court has
determined that all county officers shall be compensated on a
salary basis, the provisions of Article 3912e, Section 3, V.C.S.,
prohibit the State from paying to said officers any fees. Since
the Commissioners' Court has not placed all the county officers
on a salary basis, the county officers named in the fourth ques-
tion (County Attorney, County Judge and District Clerk) may re-
ceive fees from the State earned by them in a felony case on or
after January 1, 1949.

Your fifth and sixth questions read as follows:

"5. Is any of the money appropriated under H.B.
244, Regular Session of the 50th Legislature for the
support of the judiciary available for the payment of
the salaries, either directly or indirectly, to offi-
cers mentioned in the foregoing amendment on and after
January 1, 1949 in counties having the population of
less than 20,000?

"6. If you rule that the money appropriated in
H.B. 244 supra is available for the purposes mentioned

in question No. 5 then shall this department apportion and pay same under Article 3912e, or shall we continue to pay the fees as earned to the said officer for the proper fund in the county treasury. Reference is here made to the last paragraph of Section 1 of the amendment to the Constitution above mentioned."

The Judiciary Section - Comptroller's Department Appropriation (H.B. 244, Acts 50th Legislature, p. 639) provides the following on page 645:

|  | For the years Ending | |
| --- | --- | --- |
|  | August 31, 1948 | August 31, 1949 |
| "9. Fees and costs of sheriffs, attorneys and clerks in felony cases, and fees of county judges, county attorneys, justices of peace, sheriffs and constables in examining trials where indictments are returned...... | 60,000.00 | 60,000.00 |
| "10. Apportionment to counties where county officers are paid salaries. . . Should any county, by election of the Commissioners Court, change from salary to fee basis or vice versa, the Comptroller shall make adjustment in the appropriations by transferring the correct amount from appropriation made for fees and costs of sheriff and other county officials to appropriation to pay counties on a per capita basis or vice versa as the case may be......... | 514,000.00 | 514,000.00" |

Since Section 9, above quoted, is appropriated for the purpose of paying fees, said section could not be used for payment of any salaries. Section 10, however, is appropriated for the purpose of apportionment to counties where the county officers are paid a salary. The apportionment is to be made as prescribed by Sec. 6 (a) of Article 3912e which provides:

"In counties wherein the county officials are on a salary basis, in addition to the monies deposited in said Officers' Salary Fund or funds under the provisions of Sections 1, 3, and 5 of this Act there

shall be deposited therein . . . such sums as may be apportioned to such county under the provisions of this Act, out of the available appropriations made by the Legislature for such purposes, provided, however, that <u>in counties where the Commissioners' Court is authorized to determine whether county officers shall be compensated on a salary basis, no apportionment shall be made to such county until the Comptroller of Public Accounts shall have been notified of the order of the Commissioners' Court that the county officers of such county shall be compensated on a salary basis for the fiscal year</u>, and in that case the first quarterly payment of such apportionment shall be made in fifteen (15) days after receipt of such notice by the Comptroller, and the remaining payments on the dates hereinabove prescribed. It shall be the duty of the Comptroller of Public Accounts to annually apportion to all counties in which the county officers are to be compensated on the basis of a salary any monies, appropriated for said year for such apportionment; each county entitled to participate in such apportionment shall receive for the benefit of its Officers' Salary Fund or funds its proportionate part of the appropriation which shall be distributed among the several counties entitled to participate therein, on the basis of the per capita population of each county according to the last preceding Federal Census."

At the time the appropriation of the 50th Legislature was made, there was no authority for the payment of a salary to one county officer without compensating all county officers on a salary basis. Likewise at the time of the enactment of S. B. No. 5, Acts of the 44th Legislature, it was contemplated that only an apportionment to counties under 20,000 inhabitants would be made where the Commissioners' Court has elected to place all the county officers on a "salary basis." Apportionment to counties where the Commissioners' Court has placed its county officers on a "fee basis" is not authorized by S. B. No. 5, Acts of the 44th Legislature. Since the appropriation made in section 10 of Judiciary Section of H.B. 244 Acts of the 50th Legislature can only be used as prescribed by S.B. 5, Acts of the 44th Legislature, the money so appropriated is not available for the payment of the salaries of the sheriffs in those counties where the Commissioners' Courts have elected to compensate the other county officers on a "fee basis."

In view of our answer to your fifth question, it is unnecessary to answer your sixth question.

Your seventh question reads as follows:

"7. May this Department pay a felony fee earned on or subsequent to January 1, 1949, to a sheriff or constable in a county under 20,000 in population and in which county the other county and precinct officers are compensated on a fee basis?"

The State is prohibited from paying fees to county and precinct officers in the following instances:

1. County officers in counties containing a population of twenty thousand inhabitants or more according to the last preceding Federal Census. Article 3912e, Section 1, V.C.S.

2. County officers in counties where the Commissioners' Court shall have determined that all the county officers shall be compensated on a "salary basis." Article 3912e, Section 3.

3. Precinct officers in counties where the Commissioners' Court shall have determined that all the precinct officers shall be compensated on a "salary basis." Article 3912e, Section 3.

4. Precinct officers in counties where all the county officers are compensated on a "salary basis." Article 3912e, Section 17.

Neither the sheriff nor constable mentioned in your seventh question falls within any of the four categories listed above. They are not in counties having a population of twenty thousand inhabitants or more. Neither has the Commissioners' Court determined to compensate its county and precinct officers on a "salary basis" rather than a "fee basis." You are, therefore, authorized to pay a felony fee earned on or subsequent to January 1, 1949, to a sheriff or constable in a county under twenty thousand inhabitants where the Commissioners' Court has determined to compensate its other county and precinct officers on a "fee basis."

## SUMMARY

H.J.R. 36 of the 50th Legislature, amending Article XVI of Section 61 of the Texas Constitution, placing sheriffs and constables on a salary basis, is self-executing to the extent that said officers shall be compensated on a salary basis beginning January 1, 1949.

The Justices of the Peace, County Judges, County Attorneys and District Clerks are not "law enforcement officers" within the meaning of Article XVI, Sec. 61 of the State Constitution.

The Comptroller is authorized to pay the District Clerk, County Attorney, and County Judge in a county where its officers are compensated on a "fee basis" any fee earned by them in a felony case on or subsequent to January 1, 1949.

Money appropriated by the 50th Legislature in Section 9 and 10 of the Judiciary Section, Comptrollers Department, is not available for the payment of the salaries of the sheriffs in those counties where the Commissioners' Courts have elected to compensate county officers on a "fee basis."

The Comptroller is authorized to pay felony fees earned on or subsequent to January 1, 1949, to a sheriff or constable in a county under 20,000 inhabitants where the Commissioners' Court has determined to compensate its other County and Precinct officers on a "fee basis."

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/John Reeves
John Reeves
Assistant

APPROVED:
s/Price Daniel
ATTORNEY GENERAL

JR:mw:bh:bb:pwb:wc