

# THE ATTORNEY GENERAL
## OF TEXAS

November 18, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Roy Blake
Chairman
Administration Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No.  JM-982

Re:  Whether a proposed rule of the Texas Department of  Health to accept a  rebate for  infant formula from a designated "primary supplier" violates article XVI, section 25,  of the  Texas Constitution  (RQ-1396)

Dear Senator Blake:

You request  our  opinion  on  issues  arising  from  a proposal that  bidders  on  state contracts  for  goods  and equipment be required to offer in their bids rebates to  the state on the purchase price of the goods or equipment.  Your inquiry is  prompted by  the Department  of Health's  recent acceptance of bids offering rebates on the purchase price of infant formula under the state's Women, Infants and Children (WIC) program.  You  are concerned that  such a bidding  requirement may violate article XVI, section 25, of the  Texas Constitution.

Article XVI, section 25, provides the following:

> That all drawbacks  and rebatement of  insurance,  freight,  transportation,  carriage, wharfage,  storage,  compressing,  baling, repairing, or for any other kind of labor  or service of, or to  any cotton, grain, or  any other produce or article of commerce in  this State, paid or allowed or contracted for,  to any common carrier,  shipper, merchant,  commission merchant, factor, agent, or middleman of any kind, not the true and absolute  owner thereof, are forever prohibited, and it shall be the duty of the Legislature to pass effective  laws  punishing  all  persons  in  this State who pay,  receive or  contract for,  or respecting the same.

It should be noted at the outset that this provision by its terms only prohibits rebatements or drawbacks to any person or entity that is "not the true and absolute owner" of the goods or services for which the rebatements or drawbacks are given. It does not, therefore, prohibit the giving of rebates on ordinary purchases of goods and equipment by the state. Regardless, however, of whether the transaction about which you inquire is the kind of rebate which is described in article XVI, section 25, we need not address that issue here.

Your inquiry raises two basic issues: (1) whether article XVI, section 25, alone bars the state from accepting rebates in the circumstances you describe, i.e., whether it is self-executing; and (2) if it is not self-executing, whether any provision of law implementing article XVI, section 25, prohibits the state from accepting rebates.

A constitutional provision is said to be self-executing when it supplies a rule sufficient to protect the right given or permit enforcement of the duty imposed. See Mitchell County v. City Nat'l Bank of Paducah, Ky., 43 S.W. 880, 883-884 (Tex. 1898); Attorney General Opinion Nos. MW-245 (1980); V-748 (1948). It is self-executing to the extent that anything done in violation of it is void and that parties engaging in the proscribed conduct do so with the knowledge that they are committing a prohibited act for which they might incur penalties if the legislature should discharge its duty and prescribe them. Attorney General Opinion V-748 (1948), quoting Hemphill v. Watson, 60 Tex. 679 (Tex. 1884).

In Continental Fire & Casualty Insurance Corp. v. American Mfg. Co., 206 S.W.2d 669 (Tex. Civ. App. - Fort Worth 1947, no writ), the court concluded that article XVI, section 25, of the Texas Constitution is not self-executing but requires legislative enactments to accomplish its purposes. The only other reported case involving this provision of the constitution concerned a contract for hauling livestock which the Railroad Commission determined gave illegal rebates of freight rates to a livestock broker. Cox Feedlots, Inc. v. Hope, 498 S.W.2d 436 (Tex. Civ. App. - San Antonio 1973, writ ref'd n.r.e.). The parties conceded at trial that the contract provided for illegal rebates. In a footnote, the court cited article XVI, section 25, along with several statutes as authority on this issue. Cox Feedlots, 498 S.W.2d at 438, n.1. One of the statutes cited, article 4013, V.T.C.S., provides the following in pertinent part:

> No corporation, company or person men-
> tioned in [article 4005 -- railway companies,
> chartered transportation companies, telephone
> and telegraph companies, and their officers,
> agents, and employees] shall directly or
> indirectly, by any special rate, rebate,
> drawback, or other device, demand, exchange,
> collect or receive from any person . . . a
> greater or less or different compensation for
> any service rendered or to be rendered, in
> the transportation of passengers, properties
> or messages, than it or he charges, demands,
> collects or receives from any other . . .
> person . . . doing business in this State for
> a like service under substantially similar
> circumstances and conditions except as is
> provided in this title, nor shall grant any
> free transportation or franking privilege to
> any corporation or person except as provided
> in this title.

See also V.T.C.S. arts. 4013a; 6559i-4 (providing substan-
tially the same with respect to railroad companies). The Cox
Feedlots case is thus consistent with the holding in Conti-
nental Fire & Casualty that article XVI, section 25, alone
does not prohibit rebates, but must be implemented by
legislation.

With this in mind, it should be noted that no statute
expressly prohibits the state from accepting rebates on the
purchase price of goods and equipment. In your letter to
this office, however, you suggest that article XVI, section
25, is implemented by the Texas Free Enterprise and Anti-
trust Act of 1983, sections 15.01 through 15.40 of the
Business and Commerce Code. Two provisions in particular
draw your concern. Section 15.05(c) of the code makes it
unlawful for any person to give discounts or rebates on the
purchase price of any goods on the condition that the
purchaser not use or deal in the goods of a competitor where
the effect may be to substantially lessen competition in any
line of trade or commerce. Section 15.03(c) provides that
the term "person" "does not include the State of Texas, its
departments, and its administrative agencies." You
therefore ask whether the legislature may statutorily exempt
a state agency from compliance with a constitutional
provision, presumably article XVI, section 25.

Based upon our review of the legislative history of the
Texas Free Enterprise and Antitrust Act, we do not believe

that section 15.05(c) is the legislative implementation of article XVI, section 25. Prior to 1983, chapter 15 of the Business and Commerce Code prohibited monopolies, trusts, and conspiracies in restraint of trade. See Bus. & Comm. Code § 15.04 (repealed by Acts 1983, 68th Leg., ch. 519, at 3014). The chapter did not expressly ban rebates. In 1983, the legislature enacted the current version of chapter 15. Acts 1983, supra. The bill analysis to the legislation making the changes in chapter 15 states that the purpose of the bill was to update Texas antitrust laws by patterning them after federal antitrust laws. Bill Analysis, Tex. S.B. 397, 68th Leg., 1983. Section 15.05(c) is patterned closely after 15 U.S.C. section 14. No mention is made of article XVI, section 25 in the bill analysis. While there is no doubt that both provisions serve the same public purpose, we find no evidence that section 15.05(c) of the Business and Commerce Code was intended to be the implementing legislation for article XVI, section 25, of the constitution. The more likely candidates for that distinction are V.T.C.S. articles 4013, 4013a, and 6559i-4, quoted and described above.

Furthermore, because the courts liberally construe constitutional provisions directing the legislature's action in order to carry out the purposes for which such provisions were adopted, Texas Nat'l Guard Armory Bd. v. McCraw, 126 S.W.2d 627 (Tex. 1939), we believe the legislature may enact legislation that promotes the policy of article XVI, section 25, without drawing on the authority of that constitutional provision. See generally, Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis 756 (1977) (concluding that the legislature needs no special constitutional authorization to regulate unjust price discrimination); Annot., Validity, construction, and application of state statute forbidding unfair trade practice or competition by discriminatory allowance of rebates, commissions, discounts, or the like, 41 A.L.R. 4th 675, § 2[a] (state statutes forbidding secret rebates generally held to be within police power of state). Therefore, we need not consider whether the legislature has in this instance attempted to exempt state agencies from compliance with article XVI, section 25.

To summarize, article XVI, section 25, of the Texas Constitution is not self-executing, but requires implementing legislation. The Texas Free Enterprise and Antitrust Act of 1983, sections 15.01 through 15.40 of the Texas Business and Commerce Code, does not implement article XVI, section 25, of the constitution, and no statute

implementing that provision prohibits the offer or acceptance of rebates on the price of goods and equipment purchased by the state. The Department of Health's acceptance of bids offering rebates on the purchase price of infant formula for the Women, Infants, and Children program therefore does not violate article XVI, section 25, of the Texas Constitution.

## S U M M A R Y

Article XVI, section 25, of the Texas Constitution is not self-executing, but requires implementing legislation. The Texas Free Enterprise and Antitrust Act of 1983, sections 15.01 through 15.40 of the Texas Business and Commerce Code, does not implement article XVI, section 25. No statute implementing that provision prohibits the offer or acceptance of rebates on the price of goods and equipment purchased by the state. The Department of Health's acceptance of bids offering rebates on the purchase price of infant formula for the Women, Infants, and Children program therefore does not violate article XVI, section 25, of the Texas Constitution.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General