**T. A. HOLLAR, Appellant,**

v.

**Addie JOWERS et al., Appellees.**

**No. 3341.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 7, 1958.

Rehearing Denied Feb. 28, 1958.

Grady L. Fox and Hugh L. Umphres, Jr., Amarillo, Perkins, Bezoni & Casebier, Midland, for appellant.

Park, Hemphill & Auforth, Snyder, for appellees.

COLLINGS, Justice.

This suit was brought by Addie Jowers, joined by her husband, E. H. Jowers, and Frost Hollar against T. A. Hollar and Anderson-Pritchard Oil Corporation. The suit was in the nature of trespass to try title. Plaintiffs also sought the cancellation of two deeds dated September 2, 1955, executed by Carrie B. Hollar, now deceased, in favor of the defendant, T. A. Hollar. Plaintiff alleged that at the time of the execution of said deeds Carrie Hollar was a person of unsound and feeble mind, over 90 years of age, weak and unable to care for herself; that her mind was almost totally ruined by disease and old age so that she was but a mere child and unable to comprehend her rights or manage her affairs. Plaintiffs further alleged that the defendant, T. A. Hollar, knowing the condition of his mother, influenced and exercised control over her, thereby unduly influencing and inducing her to execute and deliver to him the two deeds in question. Plaintiffs alleged that the said Carrie Hollar had many years prior to the execution of said deeds made and executed her last will and testament which provided that upon her death the title to the property in question should vest in plaintiffs and the defendant. Plaintiffs alleged that the defendant, T. A. Hollar, had said last will and testament in his possession and made demand upon him to produce same in court. Upon the trial before a jury and based upon its findings, judgment was entered decreeing that the deeds in question were null and void and they were set aside and held for naught. An oil and gas lease, dated May 5, 1956, executed by T. A. Hollar to Anderson-Pritchard Oil Corporation was also set aside. There is no appeal from the judgment by the defendant, Anderson-Pritchard Oil Corporation, but defendant, T. A. Hollar has brought this appeal.

It is contended in appellant's first point that the court erred in entering judgment cancelling the deeds because necessary and indispensable parties to the suit for cancellation were not before the court. Carrie B. Hollar, who executed the deeds, was the mother of appellant, T. A. Hollar, of appellees, Addie Jowers and Frost Hollar, and of ten other children. The other children were not made parties to the suit. It was appellees' theory of the case that the deeds by their mother to appellant were invalid and that since appellant and appellees were the sole beneficiaries under their mother's will, that they, and they only, were necessary parties to the suit. It was shown by the evidence that Carrie B. Hollar did in 1937 make a will naming appellant and appellees as beneficiaries. The will was delivered into the possession of T. A. Hollar at the time of its execution and has not been probated but was introduced in evidence in this case. Appellant urges that in the event no will is ever probated all the living children of Carrie B. Hollar and all descendants of her deceased children, as heirs, own an interest in the land, if the deeds are cancelled, and are, therefore, necessary and indispensable parties in the absence of which no valid judgment could be entered.

After Carrie B. Hollar executed and delivered the two warranty deeds conveying the land in question to appellant, T. A. Hollar, he made an oil and gas lease covering a portion of the land to Grady Fox. Fox was not made a party to this suit. Appellant contends that no valid judgment cancelling the deeds could be entered in a suit to which Fox was not a party.

■ The record discloses that Grady Fox appeared as an attorney for appellant. He was present and participated all during the trial of the case. The record further discloses that appellees represented to the trial court that they did not question the validity of the oil and gas leases held by Grady Fox and that they were willing to recognize and accept said lease. This position is reaffirmed in their brief on appeal. Under these circumstances Fox was in effect a party to the suit. Jones v. English, Tex.Civ.App., 235 S.W.2d 238.

Appellant filed no sworn pleading complaining of a defect in parties as provided by Rule 93, Vernon's Texas Rules of Civil Procedure. The matter was first raised and brought to the attention of the trial court by appellant in a motion for an instructed verdict on the ground that Grady Fox and the many alleged heirs of Carrie B. Hollar were not named as parties to the suit. The motion was presented to the court at the conclusion of the evidence presented by plaintiffs. Rule 37, Vernon's Texas R.C.P., provides:

> "Before a case is called for trial, additional parties, necessary or proper parties to the suit, may be brought in, either by the plaintiff or the defendant, upon such terms as the court may prescribe; but not at a time nor in a manner to unreasonably delay the trial of the case."

■ Appellant did not file a sworn pleading complaining of a defect in parties as provided by Rule 93, nor did he make any attempt to bring in additional parties before the case was called for trial as provided by Rule 37. In this state of the record appellant waived his right to complain of any absence or defect of parties unless there is an absence of indispensable parties without which no valid judgment could be entered. An indispensable party is defined as "a party who has such an interest in the controversy or subject matter that a final adjudication cannot be made, in his absence, without injuring or affecting such interest." 67 C.J.S. Parties § 1, p. 892; Veal v. Thomason, 138 Tex. 341, 159 S.W. 2d 472.

■ It is a fundamental principle that no person may maintain an action in court unless it is shown that he has a justiciable interest in the subject matter in litigation. 32 Tex.Jur. 12 and 13; City of Waco v. Akard, Tex.Civ.App., 252 S.W.2d 496 (Writ Ref.). Appellees were not entitled to bring suit for cancellation of the deeds without showing an interest in the land. Edwards v. Williams, Tex.Civ.App., 291 S.W.2d 783. The only interest claimed in the land by appellees was as devisees under the will. To show such an interest, it was necessary to show a probated will and this they failed to do. Since appellees did not show an interest in the land, they were not entitled to bring this suit for cancellation and were not entitled to judgment cancelling said deeds. If no will is probated appellant and the other children of Carrie B. Hollar will be her heirs. In that event all of the heirs, or their legal representatives will be necessary parties to the suit for cancellation of the deeds for title to the land. We sustain appellant's contention that the court erred in entering judgment cancelling said deeds because necessary and indispensable parties to the suit for cancellation were not before the court.

■ The above holding requires that the judgment be reversed and the cause remanded. Davis v. Wildenthal, Tex.Civ. App., 241 S.W.2d 620 (RNRE); Cox v. Johnson, Tex.Civ.App., 259 S.W.2d 623. In view of another trial, however, we think it proper to mention briefly matters presented in other points. Appellant urged that there was no evidence to support the jury finding of mental incapacity on the part of Mrs. Hollar at the time of the execution of the deeds sought to be cancelled, or in the alternative that the evidence was insufficient to support such finding and that the finding was contrary to the great weight and preponderance of the evidence. Witnesses for appellees expressed the opinion

that at the time of the execution of the deeds Mrs. Hollar was mentally incompetent and did not know all that she was doing, but, the facts to which these witnesses testified concerning Mrs. Hollar's mental condition were not sufficient to support the conclusions expressed. There was no testimony of any unnatural, peculiar or irrational action on the part of Mrs. Hollar at, or near, the time of the execution of the deeds which would reasonably tend to show mental incapacity on her part at that time. See Chambers v. Winn, Tex.Com.App., 137 Tex. 444, 154 S.W.2d 454; 24-A Tex.Jur. 503, 504.

 Appellant's points to the effect that the evidence was insufficient to support the finding that T. A. Hollar caused his mother to execute the deeds by the exercise of undue influence are also well taken. The test of undue influence is whether such control was exercised over the mind of the grantor as to overcome his free will and to substitute another's will causing the grantor to do what he would not otherwise have done. Boyer v. Pool, 154 Tex. 586, 280 S.W.2d 564. The opportunity to exercise undue influence over an aged or infirm person standing alone is not sufficient to show that undue influence was exercised. The evidence must show the existence of other facts or circumstances at the time of the execution of the deeds amounting, not merely to the exercise of influence over the grantor, but to the exercise of undue influence destroying grantor's free will and substituting in the place thereof the will of another. Griffin v. Camp, Tex.Civ.App., 272 S.W.2d 129. The deeds here involved were not shown to have been obtained by imposition or overreaching. There was no evidence that the land conveyed to appellant had any greater value at the time of the execution of the deeds than the consideration which appellant paid his mother. The sale of the oil and gas lease for $25 per acre some ten months after the execution of the deeds was not sufficient to show that the land had greater value at the time of the execution of the deeds than the con-

sideration paid. There was no unnatural disposition of the property. On the contrary it was indicated that Mrs. Hollar desired to sell the land to raise money for her support and care in the last part of her life. There is no showing that she did not receive a fair price for her land. The evidence was not sufficient to support the jury finding that appellant T. A. Hollar exercised undue influence on his mother to secure the execution of the deeds in controversy. Bass v. Bass, Tex.Civ.App., 207 S.W.2d 103 (RNRE); Pullen v. Russ, Tex. Civ.App., 209 S.W.2d 630 (RNRE); Jowers v. Smith, Tex.Civ.App., 237 S.W.2d 805. For the reasons stated the judgment is reversed and the cause is remanded.