Leo MAZOW et al., Appellants,

v.

Ed BRAZLE et ux., Appellees.

No. 3544.

Court of Civil Appeals of Texas.

Eastland.

June 24, 1960.

Delange, Hudspeth & Pitman, Musick, Musick & Heath, Houston, for appellants.

Attorney for appellee withdrew before case was transferred.

COLLINGS, Justice.

Ed Brazle and wife, Alberta Brazle, brought suit against Leo Mazow, his wife, Tillie Mazow, and M. J. Atlas, substitute trustee, to set aside a trustee's deed, deed of trust and other liens therein renewed and extended on lots 42 and 43 in block 3 of Greenmeadow, an addition to the City of Houston. Plaintiffs also sought to set aside a writ of restitution issued under a judgment in a prior action in forcible entry and detainer and to recover damages. As a basis for the relief sought, plaintiffs alleged the invalidity of a mechanic's and materialman's lien which was renewed and extended by the terms of the deed of trust under which the foreclosure was made. The defendants answered by a general denial, a plea of not guilty, pleadings of subrogation to the prior vendor's lien renewed and extended in the deed of trust as well as to the mechanic's and materialman's lien attached; that they were bona fide purchasers of the indebtedness described in and secured by the deed of trust, which renewed and extended both the vendor's lien and the attached mechanic's and materialman's lien; that they held title to the land by reason of the foreclosure of such liens and conveyances to them of the property. Defendants pleaded that plaintiffs were estopped to assert the invalidity of any of the liens in question and also plead laches and limitation. Defendants brought a cross action against the plaintiffs for title and possession of the property.

The case was tried before the court without a jury and judgment was entered (1) holding that the indebtedness secured by the vendor's lien was fully satisfied, paid and discharged, and (2) setting aside and holding for naught the writ of restitution and removing cloud from plaintiffs' title to the land in controversy. The court also found, however, that Leo Mazow and Tillie Mazow were holders in due course of the note and indebtedness purported to be secured by the deed of trust dated February 11, 1954, and rendered judgment in favor of the defendants for the full amount owing thereon, found by the court to be $2,964.06, and for interest and attorney's fees. The defendants have appealed.

The evidence shows that appellees Ed Brazle and wife first acquired title to the property in question by a deed from Howard Williams and wife in which there was expressly reserved and retained a vendor's lien to secure payment of a promissory note in the amount of $1,600. The note was additionally secured by a deed of trust. Thereafter, on or about February 9, 1954, the above described note, vendor's lien and deed of trust were transferred and assigned by Howard Williams and wife to John Landry. At the time of the assignment, there was a balance owing upon said note in the sum of $653.53 with interest paid to February 1, 1954. On February 11, 1954, appellees Brazle and wife entered into a mechanic's and materialman's lien contract with John Landry securing payment of a promissory note of the same date in the principal sum of $2,149.31, payable on or before 30 days after date. Also on February 11, 1954, appellees executed a deed of trust to Melvin Cohn, trustee, securing payment of a promissory note described therein in the amount of $2,802.84, including the mechanic's and materialman's lien indebtedness and also the extended balance due on the original vendor's lien note, all bearing 10% interest per annum and payable in monthly installments of $45 each, including interest. The last mentioned deed of trust, the liens therein extended and renewed, and the promissory note secured thereby were assigned by John Landry to appellants Leo Mazow and wife, Tillie Mazow, by express assignment dated February 19, 1954, for a good and valuable consideration.

Appellants' first point urges that the court erred in finding that the balance owing on the vendor's lien note, as extended and renewed by the deed of trust held by appellants, was fully paid and discharged by appellees because there was no evidence to support such finding and such finding was contrary to the undisputed evidence. This point is well taken.

The evidence conclusively shows that the total of all payments made upon such note and indebtedness was in the amount of $593.60, or $59.93 less than the principal amount of $653.93 that was owing on February 9, 1954, upon the indebtedness secured by the vendor's lien at the time of the assignment to John Landry. The deed of trust owned by appellants at the time of the foreclosure which renewed and extended the original vendor's lien on the property in question contained the following provision:

"In the event any portion of the indebtedness evidenced by the above described notes, is not, for any reason secured by this deed of trust on the above described property, it is expressly stipulated that the full amount of all payments hereafter made upon said notes shall be first applied to such unsecured portion of said indebtedness until the same has been fully paid."

There was no evidence of any other agreement or statement concerning the manner of application of payments except the provision for application first to interest accrued, and then to payment of principal. Clearly, the court erred in finding that the balance owing on the original vendor's lien note was fully paid and discharged.

In appellants' third point it is contended that the court erred in rendering

judgment for appellees for title to and possession of the property, and removing the claims of appellants as clouds thereon because the undisputed evidence shows that appellants were the owners of the vendor's lien reserved when appellees originally purchased the property and that the foreclosure of such lien was effective to pass title to such property to appellant Leo Mazow. This point is well taken. As heretofore indicated, the undisputed evidence shows the creation of a vendor's lien upon the property when the Brazles acquired it from Howard Williams and wife in 1950. No attack has been made upon the validity of this lien. The evidence is undisputed and the court found that the vendor's lien and indebtedness was assigned by Howard Williams and wife to John Landry, and, with other indebtedness, was renewed and extended in the deed of trust dated February 11, 1954. This latter deed of trust was in turn assigned by John Landry to appellants at which time there remained owing on the original vendor's lien indebtedness a substantial portion of the principal sum. The total amount of all payments made by appellees until the time of foreclosure and sale was, as heretofore indicated, not enough to retire the original vendor's lien indebtedness. When appellees defaulted in payment of the note secured by said deed of trust, notices were posted by the duly appointed substitute trustee and the property was sold at a substitute trustee's sale to appellant Leo Mazow. There is no contention that this foreclosure proceeding was in any way irregular. Under these circumstances appellant Leo Mazow acquired full fee simple title to the property in controversy by the trustee's deed given pursuant to the sale by the substitute trustee, M. J. Atlas. A foreclosure under a deed of trust passes title to the purchaser at the foreclosure sale if any portion of the indebtedness claimed constitutes a valid lien upon the property. Groesbeeck v. Crow, 85 Tex. 200, 20 S.W. 49; W. C. Belcher Land Mtg. Co. v. Taylor, Tex.Com.App., 212 S.W. 647; Breitkreutz v. Cook, Tex.Com.App., 135 Tex. 574, 580, 144 S.W.2d 534; Wood v. East-land Building & Loan Ass'n, Tex.Civ.App., 75 S.W.2d 466, (Writ Ref.); Hemphill v. Watson, 60 Tex. 679.

■■ We are also of the opinion that appellants' points are well taken in which it is urged that the court erred in rendering judgment for appellees and in denying appellants' motion for judgment because the evidence conclusively showed that appellees had, by their actions and conduct, estopped themselves to deny the validity of the lien purchased by appellants, Leo Mazow and Tillie Mazow. As heretofore indicated, the undisputed evidence shows that the Brazles on February 11, 1954, executed a deed of trust extending and renewing not only the admittedly valid vendor's lien indebtedness but also the mechanic's and materialman's lien which they now attack. It is further undisputed that the Brazles executed and delivered an instrument in the form of an affidavit representing that all work and materials had been furnished and completed as provided for in the mechanic's and materialman's lien contract. Thus it appears that appellees have in two instruments represented that the mechanic's lien, which they now attack, was valid. Appellees themselves testified that they could read and were not prevented from reading said affidavit although they both denied that they had read it before signing. Appellant Leo Mazow testified that before his purchase of the deed of trust in question and the indebtedness secured thereby, he examined the deed of trust and the affidavit of appellees representing that all work and materials had been finished and completed as provided for in the mechanic's and materialman's lien contract. Mazow testified that he relied upon this representation by the appellees that everything was all right. This testimony was not contradicted. It has long been held that when owners of a homestead represent that existing notes are valid mechanic's lien notes for improvements, secured by a mechanic's lien contract properly executed, and thereby induce innocent third parties to invest funds on the faith and credit of such liens, they are estopped as to

such third parties to plead that the lien is invalid. Farm & Home Savings & Loan Ass'n of Missouri v. Muhl, Tex.Civ.App., 37 S.W.2d 316, (Writ Ref.); Ackerson v. Farm & Home Savings & Loan Ass'n of Missouri, Tex.Civ.App., 77 S.W.2d 559, (Writ Ref.); Miller v. Standard Savings & Loan Ass'n of Detroit, Tex.Civ.App., 88 S.W.2d 522, (Writ Ref.); Cockrell v. Farmers State Bank of Mexia, Tex.Civ. App., 255 S.W.2d 886, (Writ Ref.).

For the reasons stated, the judgment of the trial court is in all things reversed and set aside and judgment is here rendered in favor of appellant Leo Mazow for title to and possession of the property in controversy.