**REVA CORPORATION, Appellant,**

**v.**

**GOLDEN LIGHT COFFEE & EQUIPMENT COMPANY, Appellee.**

No. 4223.

Court of Civil Appeals of Texas.

Waco.

May 7, 1964.

Rehearing Denied May 28, 1964.

John M. Hamilton, Dallas, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, James H. Doores, Amarillo, for appellee.

WILSON, Justice.

We are required here to decide two cases. Appellant brings to us appeals from judgments in two separate suits under one record. These cases were not consolidated in the trial court, but were tried simultaneously by agreement. Separate judgments were rendered, and separate appeals perfected in each case. We have consolidated the appeals, but will consider them separately. We affirm the judgment in cause No. 38269, and reverse that in cause No. 38270. One-half the costs are taxed against each party.

### No. 38269

In this cause Golden Light successfully sued Reva on a sworn account for the purchase price of equipment. Reva's defense, as material here, was to the general effect that Golden Light did not have good title to the equipment alleged to have been bought by Reva, and hence there was a failure of consideration. This defense is based on the contention that the equipment had become part of the realty (a building owned by Reva) before the purported sale of the equipment to it by Golden Light. In essence Reva says it already owned the property it is alleged to have bought from Golden Light, and that it was encumbered by prior liens held by other parties.

Reva asks us to adopt this deduction by a course of reasoning under the following unchallenged fact findings by the trial court in a non-jury trial: In 1959 Reva executed a deed of trust to secure interim financing for construction of the Vaughn building, owned by it. In 1960 Reva leased space in the building for use by a club, retaining an express lien on all the tenant's property placed in the building. The club purchased equipment from Golden Light, some of which was delivered June 23, 1961. June 9, 1961 Reva executed and delivered to Golden Light a landlord's waiver and consent agreement, relinquishing all claims and rights of levy for rents to the equipment bought by the club to be installed in the building. The agreement recited the "chattels shall not become a part of the freehold".

June 30, 1961 Reva executed a recorded deed of trust on the building for the benefit of an investment corporation, assigning to it also Reva's interest in the club lease. These were in turn assigned to an insurance company.

July 10, 1961 Golden Light delivered to the club the rest of the equipment purchased. October 23, 1961 the club executed a recorded chattel mortgage on all the equipment Golden Light delivered. The club failed to pay Golden Light for the equipment and was adjudged a bankrupt. The following September the referee ordered the equipment abandoned to Golden Light. Reva, through its president, thereafter agreed to buy, and Golden Light agreed to sell the equipment for the amount of the debt alleged.

The court determined that it was the intention of the tenant club, Golden Light and Reva that the equipment remain personalty and not become fixtures; that no material injury would be done to the building by removal of the equipment therefrom; that none of it became affixed to the realty so as to become fixtures, but remained personalty.

Reva's points assert the court erred in determining that the property, as a matter of law, remained personalty and did not become fixtures; and erred in holding there was a valid sale, because title to the property had vested in Reva, subject to the leasehold estate. We have concluded it is not necessary to pass on these points because the judgment is sustained by another determination of the trial court, not attacked by any point.

■ Golden Light pleaded the landlord's waiver and consent agreement, which the court found was executed by Reva through its president on June 9, 1961. The finding is not factually assailed. Golden Light also pleaded that by execution of the agreement inducing delivery of the property to Reva's tenant, Reva was estopped to assert the equipment was not personalty, or had become fixtures attached to the realty. There is an assertion in appellant's brief that this

agreement was obtained by fraud, but we find no pleading, evidence, finding or requested finding on which such a claim is founded, and the contention is not briefed. The trial court concluded appellant was so estopped. The conclusion is not complained of by any point. It is justified, and supports the judgment.

■■ Appellant contends also the judgment in Cause No. 38269 should be reversed because the court overruled its plea in abatement for non-joinder of the investment corporation and the insurance company as "one or more lienholders" said to be indispensable parties. Golden Light's action against Reva was for debt. Reva said it did not owe the debt because the seller sold equipment it did not own. To establish this defense and defeat recovery Reva said that by its own conduct it had created prior liens on the equipment in favor of third parties. The judgment determining whether Reva is liable to Golden Light for debt does not affect the alleged lienholders or their interests. The subject matter of this suit is debt; its object is to obtain judgment for that debt. The lienholders have no interest in the "object and subject matter of the suit" even though "the decision might be persuasive on some question of law" affecting their title. Royal Petroleum Corp. v. Dennis, 160 Tex. 392, 332 S.W.2d 313, 314, 316. They were not indispensable parties. The judgment in Cause No. 38269 is affirmed.

### No. 38270

Golden Light sued Reva in this cause for title to and possession of equipment, alleging Reva wrongfully withheld possession. Reva presented a plea in abatement alleging the equipment had been previously sold to its lessee and had become attached to the realty; that Reva had executed for the benefit of a named investment company a deed of trust securing its loan on the building, including the leasehold estate covering the portion of the building in which the equipment was delivered and installed; that the mortgagee was a bona fide creditor for value without notice, and the included valid first lien on the equipment had been assigned for value to a named insurance company. The plea in abatement alleged the investment corporation and the insurance company were the present owners and holders of the liens and title to the equipment. The plea averred these non-joined parties were within the jurisdiction of the court and were necessary and indispensable parties, and prayed the action be abated until they were joined. The plea in abatement was overruled, and judgment was rendered declaring title to the equipment was in Reva. Appellant complains of the order overruling the plea.

■ "Necessary parties" as that term is here used are those who have or claim a direct interest in the object and subject matter of the suit and whose interest will be necessarily affected by any judgment rendered therein. Royal Petroleum Corp. v. Dennis, 160 Tex. 392, 332 S.W.2d 313, 314; Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, 477. In McDonald v. Simons, Tex.Com.App., 280 S.W. 571, 572, it was said, "It is true that one who is not a party to a proceeding is not technically bound by the judgment rendered, even though it directly concerns his interests. But it is for this very reason—that is, that the court cannot, once for all, finally end the controversy even as between the parties—that the rule prevails that all parties interested in the subject-matter, and whose rights are involved, must be brought before the court."

■ The effect of the judgment sought was to determine that Reva had no title to encumber or assign. To say that the assignees or mortgagees are not bound by the judgment is no answer. The trial court did in fact conclude that Reva had no interest it could transfer, and that the non-joined parties "obtained no lien on, or interest in, the property in question." It was determined that they "had notice of the fact that business tenants would be occupying the building and would be purchasing equipment and giving chattel mortgages and were thus on constructive notice that a

chattel mortgage existed on the property in question." It is observed that in the other suit, cause No. 38269, the court concluded that since the judgment in that cause did not divest Reva of title to or possession of the equipment, "even if there were lien interests in the realty which extended to said property, that security interest would not be affected" by the judgment. In this cause No. 38270, obviously, the converse of that reasoning should apply.

Appellee answers that it proved the non-joined parties had no rights, because it won its case against Reva, thereby establishing the non-joined assignee or mortgagee could not have any title to or interest in the property. The point is that this was determined in their absence. The subject matter of the suit was title and possession of the property. The object of the suit was to recover that title and possession. Their interest therein was necessarily affected by the judgment. In our opinion the plea in abatement should have been sustained. We may not properly pass on other points affecting this cause. Judgment in cause No. 38270 is reversed and the cause is remanded.