Appellants= Motion for Rehearing Overruled; Affirmed; Plurality and
Concurring and Dissenting Opinions of December 20, 2007 Withdrawn, and
Substitute Plurality and Concurring and Dissenting Opinions filed April 3, 2008








Appellants= Motion for Rehearing Overruled; Affirmed; Plurality
and Concurring and Dissenting Opinions of December 20, 2007 Withdrawn, and
Substitute Plurality and Concurring and Dissenting Opinions filed April 3,
2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01143-CV

_______________

 

ROBERT A. RAKOWSKI, Appellant, and CLEAR CREEK VILLAGE
CIVIC ASSOCIATION, INC. Appellant/Cross-Appellee

 

V.

 

COMMITTEE TO PROTECT CLEAR CREEK VILLAGE HOMEOWNERS= RIGHTS AND PRESERVE OUR PARK, Appellee/Cross-Appellant

                                                                                                                                               


On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 04CV1407A

                                                                                                                                                

 

S U B S T I T U T E   C O N C U R R I N G  A N D  D I
S S E N T I N G  

O P I N I O N[1]








There is no merit in the appellate
challenges asserted by appellants Robert A. Rakowski and Clear Creek Village
Civic Association, Inc. (the AAssociation@) against the trial court=s summary judgment declaring that the
Clear Creek Village Subdivision restrictive covenants limit the use of the
Claiborne Park property to recreational purposes for the exclusive use and
enjoyment of subdivision homeowners.  Accordingly, I concur in that portion of
the court=s judgment.  However, the plurality erroneously concludes that appellee
Committee to Protect Clear Creek Village Homeowners= Rights and Preserve Our Park
(hereinafter the ACommittee@) lacks standing to contest any issues regarding ownership of
the park.  Instead of finding a lack of standing, this court should reverse and
remand because the trial court erred in granting the Association=s motion for summary judgment in
which the Association sought a declaration that it is the legal and lawful
record title owner of Claiborne Park.  To the extent the court does not, I
respectfully dissent.[2]

 

The Committee does not lack standing
to contest any issues concerning the park=s ownership based on the Committee=s position as to who owns the park.          

The plurality affirms the trial court=s declaratory judgment regarding
title to Claiborne Park on the stated ground that the Committee lacks standing
based on its position on the merits of this title issue.  However, the
plurality errs in basing its standing analysis on the Committee=s position on the merits.[3]









The plurality does not discuss the
general legal standard for determining standing.  A party has standing when it
is personally aggrieved.  See Austin Nursing Ctr., Inc. v. Lovato, 171
S.W.3d 845, 848B49 (Tex. 2005).  The general test for standing in Texas
requires a real controversy between the parties that actually will be
determined by the judicial declaration sought.[4] 
See id.; Nootsie, Ltd. v. Williamson County Appraisal Dist., 925
S.W.2d 659, 661B62 (Tex. 1996).  The Committee has organizational standing if
(1) its members otherwise would have standing to sue in their own right;  (2)
the interests the Committee seeks to protect are germane to its purpose;  and
(3) neither the claims asserted nor the relief requested requires the
participation of individual members in the lawsuit.  See Texas Ass=n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 447 (Tex. 1993). 
Because no party sought to dismiss any of the Committee=s claims in the trial court for lack
of standing, this court must construe the Committee=s petition in its favor and, if
necessary, review the entire record to determine if any evidence supports
standing.  See id. at 446.  

In its live pleading, the Committee
objected to the sale of Claiborne Park and sought to enjoin the closing of the
proposed sale.  The Committee made the following allegations: 

(1)       The sale would violate the restrictions,
covenants, and conditions imposed by a document recorded in February 1964;

(2)       The sale would deny the residents of Clear
Creek Village (which would include all of the Committee=s members) a recreational area and access to a
recreational area;

(3)       The sale would lower the residents= property values; 

(4)       The sale would substantially interfere with
their use and enjoyment of their property;

(5)       The sale would infringe on their privacy;
and 

(6)       The
sale would adversely impact the flood control and drainage plan of the
surrounding property.  








Although the Association asserts that
the Committee lacks standing because the Committee did not seek a declaration
that it or its members own Claiborne Park, a request for such relief is not
necessary if the legal standard is satisfied by another interest that would be
aggrieved by the sale of the park property.  See Nootsie, Ltd., 925
S.W.2d at 662 (rejecting argument that county appraisal district lacked
standing to assert that statute was unconstitutional, even though appraisal
district did not possess any constitutional rights that statute could violate,
because district had interest in not enforcing unconstitutional statute that
gave rise to standing to determine statute=s constitutionality).  The Committee
sufficiently alleged that, if the Association has title and the ability to
transfer the park property to Rakowski, then the members of the Committee would
be personally aggrieved, giving rise to a real controversy between the parties
that actually would be determined by the judicial declaration sought. 
Therefore,  the members of the Committee otherwise would have standing to sue
in their own right.  See id.  The plurality and the Association do not
take issue with the second and third prongs of organizational standing; and the
record reflects that these elements are satisfied.  Thus, the Committee has
standing, and this court has jurisdiction over the cross-appeal.








The plurality cites Marburger v.
Seminole Pipeline Co. for the proposition that a party must have been a
past or present owner of land to have standing to challenge the transfer of
title to the land.  See ante at p. 7, n.9 (citing Marburger v.
Seminole Pipeline Co., 957 S.W.2d 82, 89B90 (Tex. App.CHouston [14th Dist.] 1997, pet.
denied) for this proposition).  However, this court in Marburger stated
that a party can establish standing by showing, among other things, that (1) he
has sustained, or is in immediate danger of sustaining, some direct injury as a
result of the wrongful act of which he complains; or (2) he has a direct
relationship between the alleged injury and the claim sought to be adjudicated;
or (3) he has a personal stake in the controversy.  See Marburger,
957 S.W.2d at 89.  The Marburger court did not state that a party must
be a landowner before it could have standing.[5] 
See id.  The Marburger court did not address whether a party had
standing to challenge the transfer of title to the land.  See id. 
Rather, the Marburger court addressed whether certain parties had
standing to assert claims that a pipeline company defrauded them into selling
the company an easement across certain land.   See id. at 84B90.  The Marburger court
concluded that the trial court did not err in finding that certain plaintiffs
lacked standing because there had been no showing that they had any interest in
the land over which the easements were granted, and because they did not show
that they had any interest in the fraud claims.  See id. at 89B90.  The opinion in Marburger
supports the proposition that the Committee has standing in this case.[6]








The trial court erred
in granting the Association=s motion for summary judgment in
which the Association sought a declaration that it is the legal and lawful
record title owner of the park.

As to the merits, the issue is
whether the trial court correctly granted summary judgment that, as a matter of
law, the Association is the legal and lawful record title owner of Claiborne
Park.[7]  In a traditional
motion for summary judgment, if the movant=s motion and summary-judgment evidence facially establish its
right to judgment as a matter of law, the burden shifts to the nonmovant to
raise a genuine, material fact issue sufficient to defeat summary judgment.  M.D.
Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo
review of a trial court=s summary judgment, we consider all the
evidence in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not.  Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  The evidence raises a genuine
issue of fact if reasonable and fair-minded jurors could differ in their
conclusions in light of all of the summary-judgment evidence.[8] Goodyear Tire & Rubber Co. v.
Mayes, 236 S.W.3d 754, 755 (Tex. 2007).








In its
motion, the only basis upon which the Association asserted that it holds record
title to the park property is a deed recorded on June 19, 1969 (hereinafter A1969 Deed@).  The Association claims its
alleged predecessor received title to the park property from William H.
Williams in the 1969 Deed.  The Association, however, did not prove as a matter
of law that Williams held title to the park property when he executed the 1969
Deed.  Therefore, the Association=s motion and summary-judgment
evidence do not facially establish its right to judgment as a matter of law. 
In addition, even considering all of the summary-judgment evidence under the
applicable standard of review, this evidence does not prove as a matter of law
that the Association is the legal and lawful record title owner of Claiborne
Park.[9]  Therefore,
the trial court erred in granting summary judgment making this declaration as a
matter of law.[10]  This court
should reverse this part of the trial court=s judgment and remand for further
proceedings.      

 

 

 

/s/        Kem Thompson Frost

Justice

 

Appellants=
Motion for Rehearing Overruled; Judgment rendered; Plurality and Concurring and
Dissenting Opinions of December 20, 2007 Withdrawn, and Substitute Plurality
and Concurring and Dissenting Opinions filed April 3, 2008.

 

Panel
consists of Justices Fowler, Frost, and Edelman.* 
(Edelman, J., plurality) (Fowler, J., concurring without opinion).









[1]           The concurring and dissenting opinion of
December 20, 2007 is withdrawn, and the following substitute concurring and
dissenting opinion is issued in its place.

 





[2]    The trial court ruled on various motions for
summary judgment and made a number of declarations as a matter of law.  These
rulings did not yield a final judgment; however, the trial court severed its
summary-judgment rulings as to two specific issues into the case below to
create a final judgment that is the subject of this appeal and cross-appeal.





[3]       See Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000) (holding that court may not delve into merits of
the case in deciding whether a party has standing).  In addition, even if the
Committee lacked standing, as the plurality concludes, it would be
inappropriate to affirm.  Rather, the proper judgment would be either to
dismiss that part of the appeal (if there were standing in the trial court but
not on appeal) or to vacate the part of the trial court=s judgment as to which there is no standing and
dismiss that part of the appeal.  See Gantt v. Gantt, 208 S.W.3d 27, 31
(Tex. App.CHouston [14th Dist.] 2006, pet. denied) (vacating
trial court judgment and dismissing appeal based on lack of subject matter
jurisdiction in the trial court and on appeal); Harper v. Welchem, Inc.,
799 S.W.2d 492, 496 (Tex. App.CHouston [14
Dist.] 1990, no writ) (stating that the correct disposition upon concluding
that a party lacks standing is to dismiss).  

 





[4]  Therefore, the claims sought affect the inquiry into
whether a party has standing to assert the claims; however, a party=s position on the merits should not affect the
determination of whether the party has an interest in the controversy.  Under
the plurality=s analysis, the Committee would have standing to seek
a declaratory judgment on the issue of whether the Association has title if it
sought a declaration that the Association holds title to Claiborne Park, but
the Committee lacks standing as to that same issue because it argues that the
Association does not have title.  The existence of the Committee=s interest in the resolution of this title question
should not depend on how the question gets answered.  





[5]    The plurality=s
reasoning is flawed because it rests on the false premise that the Committee
members must assert that the Association owns the property before they can be
aggrieved and have standing.  See ante at p. 8 & n.11.  This
proposition is not supported by the case law.  See Austin Nursing
Ctr., Inc., 171 S.W.3d at 848B49;
Nootsie, Ltd., 925 S.W.2d at 661B62;
Marburger, 957 S.W.2d at 89.  Based on this false premise, the plurality
concludes that, for the Committee to have standing, this court would have to
find that the Committee is asserting that the Association has title, which the
plurality correctly notes is contrary to the Committee=s legal position. Because the Committee can assert,
and under its pleadings and the record, is asserting an interest in the
controversy as to whether the Association has title, and because the Committee
asserts that its members are aggrieved in the six respects listed above, there
is no requirement that the Committee members assert that the Association have
title before they can show an interest in the controversy and aggrievement. 
Performing the legal analysis under the Texas Supreme Court=s standard, it is clear that the Committee members
have standing regarding the title issue.  





[6]    The other case cited by the plurality also does
not support the proposition that a party must have been a past or present owner
of land to have standing to challenge the transfer of title to the land.  See
Hollar v. Jowers, 310 S.W.2d 721, 724 (Tex. Civ. App.CEastland 1958, writ ref=d n.r.e.) (stating that appellees needed to show an interest in
land to bring suit to cancel deed regarding the land but that interest could
be mere status as heir of deceased grantor rather than ownership in the land,
and reversing and remanding based on failure to join all indispensable parties
rather than vacating based on a lack of standing).





[7]   Because the severance order limited this issue to
the declaration that the Association is the legal and lawful record title owner
of Claiborne Park, there is no issue in this appeal regarding adverse possession.





[8]     The parties in this case sought declaratory
relief but did not assert any trespass-to-try-title claim.  This court need not
address whether the trial court was barred from awarding declaratory relief
regarding record title to the park property based on the Texas Supreme Court=s decision in Martin v. Amermann, 133 S.W.3d
262, 266B68 (Tex. 2004).  Even if the trial court were so
barred, that would be a statutory, nonjurisdictional argument that the parties
waived by not asserting it in the court below.  See Dubai Petroleum Co. v.
Kazi, 12 S.W.3d 71, 75B76 (Tex. 2000).





[9]   The statement by Dale L. Hardy, in his affidavit,
that the 1969 Deed is an Ainstrument conveying the >Park Property=
from William H. Williams to Clear Creek Village Civic Club@ is a legal conclusion, and therefore no evidence.  





[10]   In the Committee=s
opening brief on cross-appeal, the Committee (1) did not mention that it filed
a motion seeking a declaratory judgment that, as a matter of law, the
Association does not hold record title to the park property, (2) did not cite
the text of this motion, although it cited two exhibits to this motion, (3) did
not ask this court to reverse the trial court=s denial of this motion and render judgment granting this motion, and
(4) did not provide this court with argument, analysis, or authorities
explaining why the trial court purportedly erred in denying this motion.  See
Tex. R. App. P. 38.1(h).  Because
of this briefing waiver, the court need not address whether the trial court
erred in denying this motion.  Even were the court to consider this issue,
under the applicable standard of review, the court would have to conclude that
the summary-judgment evidence does not prove this proposition as a matter of
law.





*  Senior Justice Richard H. Edelman sitting by
assignment.