Opinion issued February 2, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00392-CV

———————————

Michael Johnson,
Appellant

V.

Lisa Coppel, independent administrator of the
Estate of Joan J. Counts, deceased, Appellee



 



 

On
Appeal from the Probate Court No. 3

Harris
County, Texas



Trial Court Case No. 362,660-402

 



 

MEMORANDUM OPINION

Appellant, Michael Johnson, appeals from
the trial court’s granting summary judgment on his claims against Lisa Coppel, independent administrator of the estate of Joan
Counts.  In five issues, Michael claims
the trial court erred by granting Lisa’s hybrid motion for summary judgment
based on Michael’s (1) lack of standing; (2) suit to quiet title; (3) suit to
set aside the 1997 deed of trust; and (4) suit to set aside the foreclosure
deed.

We affirm in part and reverse and remand in part.

                                                                                                       
Background

On December 24th, 1985, Michael’s brother, Calhoun
Johnson, obtained a special warranty deed for a condominium in Houston, Texas.  Michael asserts that Calhoun served as his
real estate broker, and he gave Calhoun the money to purchase the
condominium.  Although legal title was
put in Calhoun’s name, Michael took immediate possession of the property.  Michael contends that he consented to leaving
Calhoun’s name on the deed “in an effort to improve his brother’s financial
standing.”  Michael has occupied and
maintained the condominium continually since its purchase.

In 1997, the condominium was pledged as collateral on a
$35,000 loan from Joan Counts to Calhoun. 
Joan was the longtime girlfriend of Morgan Johnson, the father of
Michael and Calhoun.  A deed of trust for
the loan was executed and filed in the Harris County real property records.

Michael alleges that Calhoun had become estranged from the
family in the early 1990s and that his whereabouts were unknown at the time the
deed of trust was created.  He further
alleges that Calhoun had no knowledge of the deed of trust and that it was forged
by Morgan and Joan in an effort to protect the condominium from the home
owners’ association.[1]

In 2005, Joan foreclosed on the deed of trust on the
grounds that Calhoun defaulted in the payment of the obligation.  Joan obtained legal title for the condominium
from the foreclosure sale.  It is
disputed by the parties whether there was proper notice given to Calhoun
regarding the foreclosure sale.

Some time after the foreclosure
sale but before this lawsuit, Joan passed away and Lisa became administrator of
Joan’s estate.  Lisa then began eviction
proceedings against Michael.

Michael filed suit in early 2007 seeking to establish
equitable title in the property and asserting claims for adverse possession,
suit to quiet title, suit to set aside deed of trust, and suit to set aside
foreclosure sale.  Lisa filed
counterclaims for declaratory judgment action to quiet title and removal of
cloud from title.

Some time later, Lisa obtained
summary judgment on Michael’s adverse possession claim.  Subsequently, Lisa filed a hybrid motion for
traditional summary judgment and no-evidence summary judgment against Michael
on his remaining claims.  Lisa argued
that Michael lacked standing to assert his claims because Michael could not
establish he had equitable title in the property and that Michael could not prove
his claims of suit to quiet title, suit to set aside deed of trust, and suit to
set aside foreclosure sale deed.

Michael filed his response as well as objections to some
of Lisa’s summary judgment evidence.  The
trial court agreed with Michael’s objections and struck two of Lisa’s exhibits
attached to her motion for summary judgment. 
The trial court then granted Lisa’s motion for summary judgment on all
of Michael’s claims against the estate. 
Michael appealed.  

Because the order was ambiguous as to whether the trial
court had also rendered judgment on the estate’s claims against Michael, we
remanded for clarification.  The trial
court signed a new order clarifying that it was granting summary judgment on
all claims brought by Michael against the estate.  The order further denied all relief not
granted in the order and declared that the order was final, disposed of all
claims and all parties, effectively dismissing with prejudice all claims
brought by the estate against Michael.[2]

                                                                                           
Standard of Review

The summary-judgment movant must conclusively establish
its right to judgment as a matter of law. 
See MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.
1986).  Because summary judgment
is a question of law, we review a trial court’s summary judgment decision de novo.  Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a “traditional”
summary-judgment motion, asserted under Rule 166a(c), a movant must prove that
there is no genuine issue regarding any material fact and that it is entitled
to judgment as a matter of law.  See
Tex. R. Civ. P. 166a(c); Little v. Tex. Dep’t of Criminal
Justice, 148 S.W.3d 374, 381 (Tex. 2004).  A matter is conclusively established if
reasonable people could not differ as to the conclusion to be drawn from the
evidence.  See City
of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005).  A defendant moving for traditional summary
judgment must either (1) disprove at least one element of the plaintiff’s cause
of action or (2) plead and conclusively establish each essential element of an
affirmative defense to rebut the plaintiff’s cause.  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995).

After an adequate
time for discovery, a party may move for no-evidence summary judgment on the
ground that no evidence exists for one or more essential elements of a claim on
which the adverse party bears the burden of proof at trial.  Tex.
R. Civ. P. 166a(i); Flameout Design & Fabrication, Inc. v.
Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.]
1999, no pet.).  The burden then shifts
to the nonmovant to produce evidence raising a
genuine issue of material fact on the elements specified in the motion.  Tex.
R. Civ. P. 166a(i); Mack Trucks, Inc. v. Tamez,
206 S.W.3d 572, 582 (Tex. 2006).  The
trial court must grant the motion unless the nonmovant
presents more than a scintilla of evidence raising a fact issue on the
challenged elements.  Flameout Design, 994 S.W.2d at 834; see also Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997) (holding “[m]ore than a scintilla of evidence exists when the evidence
supporting the finding, as a whole, rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions”).  

To determine if there
is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable
jurors could do so, and disregarding contrary evidence unless reasonable jurors
could not.  See Fielding, 289 S.W.3d at 848 (citing City of Keller, 168 S.W.3d at 827).  We indulge every reasonable inference and
resolve any doubts in the nonmovant’s favor.  Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).  When the trial court’s summary
judgment order does not state the basis for the trial court’s decision, we must
uphold the order if any of the theories advanced in the motion are
meritorious.  Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 216 (Tex. 2003).

                                                                                                             
Standing

In his first two issues, Michael argues that the trial
court erred by granting summary judgment on Lisa’s claim that he lacks standing
to assert his claims against the estate.

In his first issue on appeal, Michael argues that the
trial court could not have granted summary judgment on Lisa’s standing claim
because she did not raise it as an affirmative defense in her pleadings.  Standing is not, however, an affirmative
defense.  See Tex. Ass’n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 443–45 (Tex. 1993) (holding standing
is a prerequisite to bringing suit and cannot be waived by parties).  We overrule Michael’s first issue.

Michael argues in his second issue that there was
sufficient evidence to establish he had standing to bring his claims.  Lisa argued in her motion for summary
judgment that Michael’s claim that he has equitable title in the condominium is
a predicate for his other claims: suit to quiet title, suit to set aside deed
of trust, and suit to set aside foreclosure sale deed.  That is, if Michael cannot establish that he
has some claim to title on the property, then Michael lacks standing to bring
his other claims.  See Bell v. Ott, 606 S.W.2d 942, 952
(Tex. Civ. App.—Waco 1980, writ ref’d n.r.e.) (holding plaintiff in suit
to quiet title action must be able to assert at least “the feeblest equity”); Hollar v. Jowers,
310 S.W.2d 721, 724 (Tex. Civ. App.—Eastland 1958, writ ref’d
n.r.e.) (holding plaintiff
in suit to set aside deed must have some interest in relevant property).

Michael asserted in his petition that he had equitable
title in the property because he paid the full purchase price of the property
and that he has always maintained equitable title to the condominium.  Michael asserted that he sought to set aside
the other deeds and vest all title—both legal and equitable—in his name.  In his prayer for relief, Michael asked the
trial court to “determin[e] that Plaintiff has title
to the Property . . . by virtue of equitable
title . . . .”

The thrust of Michael’s claim is that he is seeking a
determination that he has ownership in fee simple of the condominium.  “A trespass to try title action is the method
of determining title to lands, tenements, or other real property.”  Tex.
Prop. Code Ann. § 22.001(a)
(Vernon 2000). 
Rival claims to title or right of possession may be adjudicated in a
trespass to try title action.  King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 755 (Tex. 2003). 
Michael’s equitable title claim is the only claim that gives him any
arguable basis to establish that legal title to the property should be vested
in his name.  Accordingly, we treat it as
a trespass to try title claim.

In his response to Lisa’s motion for summary judgment,
Michael again asserted that he had equitable title in the property because he
paid the full purchase price of the property when legal title was placed in
Calhoun’s name.  He cited legal authority
for a purchase money resulting trust.  See Ford v. Thompkins,
8 S.W.2d 782, 783 (Tex. Civ. App.—Dallas 1928, no writ) (holding “equitable
title to land is established[] where one takes title
for the benefit of another, who agrees to pay and does pay the
consideration”).  

A resulting trust arises by operation of law when title
is conveyed to one person but the purchase price or a portion thereof is paid
by another.  The parties are presumed to
have intended that the grantee hold title to the use of him who paid the
purchase price and whom equity deems to be the true owner.

Cohrs v. Scott, 338 S.W.2d 127, 130 (Tex.
1960).  In a resulting trust, the
property is “taken in trust for some special purpose.”  Uriarte v. Petro,
606 S.W.2d 22, 24–25 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref’d n.r.e.).  When that special purpose is fulfilled or
frustrated, the remainder of the trust reverts to the equitable owner.  Id.
 

In her motion for summary judgment, Lisa did not raise or
challenge Michael’s ability to substantively prove the elements of a trespass
to try title claim or his ability to prove the existence of a purchase money
resulting trust.[3]  Instead, she argued that (1) Michael was
required to bring his equitable title claim against his brother, not the
estate, and (2) Michael’s claim of equitable title was insufficient to give him
standing.

While she cited in her motion to general authority that
standing is necessary to assert a claim, Lisa did not cite to any specific
authority to support her claim that Michael had to bring his equitable title
claim against Calhoun instead of against the estate.  Nor do we agree that it was necessary.  A trespass to try title claim is brought
against the party claiming to have superior title.  See King
Ranch, 118 S.W.3d at 755 (holding trespass to try title is method to settle
rival claims of title).  The only
necessary party to the suit is the party in possession.  Tex. R. Civ. P. 784; Williams v. Ballard, 722 S.W.2d 9, 11
(Tex. App.—Dallas 1986, no writ).  Because Calhoun is not in possession of the
condominium, he is not a necessary party.

Nor is there any authority for the proposition that the
original possessor of legal title is a necessary party in a case involving the
determination of a purchase money resulting trust.  The estate is the party currently claiming to
hold legal title in the property.  In
fact, the estate obtained a default judgment against Calhoun, divesting Calhoun
of all title he held in the property and vesting it in the estate.  Lisa provides no explanation as to how a
party that no longer has any claim to legal title in a property is a necessary
party in determining who has the rights to the property.  See Reva Corp. v. Golden Light Coffee & Equip. Co., 379
S.W.2d 133, 135 (Tex. Civ. App.—Waco 1964, no writ) (holding parties with no
interest in object and subject matter of suit are not necessary parties).

Lisa relies on two cases to argue that Michael’s equitable
claim to property is insufficient to give him standing to sue: Marburger v. Seminole Pipeline Co., 957 S.W.2d 82
(Tex. App.—Houston [14th Dist.] 1997, pet. denied) disapproved on other grounds, Hubenak v. San Jacinto Gas Transmission Co., 141 S.W.3d 172, 181–83 (Tex. 2004)
and Hollar,
310 S.W.2d 721.

In Marburger,
two parties to the suit claimed to have standing in a dispute over real
property based on an oral promise by their mother that, upon her death, she
would convey all of her surface property to them.  957 S.W.2d at 90.  The court held that this was insufficient to
create an enforceable present interest in the property.  Id.  

Similarly, in Hollar, the parties claimed an interest in the land as
devisees under a will.  310 S.W.2d at 724. 
The will had not been probated, however. 
Id.  The court held that this was insufficient to
give them standing.  Id.  

Neither of these cases have any correlation to this
case.  The parties in Marburger and Hollar lacked standing because
their claims to interest in the properties were based either on oral promises
to convey property in the future or on interests claimed in a will that had not
been probated.  Marburger, 957
S.W.2d at 90; Hollar,
310 S.W.2d at 724.  Michael, instead, is
basing his claim to an interest in property that, if proven, vested in
1985—twenty-two years prior to Michael’s filing suit.

In response to Lisa’s motion for summary judgment, Michael
produced sworn testimony supporting his allegation that he purchased the
condominium for his own use, and that he allowed Calhoun to take legal title
with the intent of later transferring legal title to himself.  This evidence was sufficient to create a fact
issue as to his claim to hold equitable title to the condominium, as was
necessary to establish his standing to bring his claims.

We hold that, through his trespass to try title claim
under the theory of purchase money resulting trust, Michael has asserted a
claim for equitable title, which, if proven, gives him standing to assert his
remaining claims.  We sustain Michael’s
second issue.

                                                                                               
Suit to Quiet Title

In his third issue, Michael argues the trial court erred
in granting summary judgment on his suit to quiet title claim.  

In her motion for summary judgment, Lisa argued there was
no evidence to support Michael’s suit to quiet title claim.  In his response to the motion for summary
judgment and on appeal, Michael asserted he can prevail on his suit to quiet
title claim because he can prove that he has equitable title that is superior
to the estate’s claim.  This is not an
argument that supports a suit to quiet title claim, however.

A suit to quiet title relies on the invalidity of the
defendant’s claim to the property.  Gordon v. W. Houston Trees,
352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing Longoria v. Lasater, 292 S.W.3d 156, 165 n.7 (Tex. App.—San Antonio
2009, pet. denied)).  It exists “to
enable the holder of the feeblest equity to remove from his way to legal title
any unlawful hindrance having the appearance of better right.”  Bell,
606 S.W.2d at 952. 
Because Michael did not argue—or present any supporting evidence
showing—that the estate’s claim to title was invalid in support of his claim
for suit to quiet title, Michael failed to meet his burden in response to the
no-evidence motion for summary judgment on this claim.

We overrule Michael’s third issue.

                                                                         
Suit to Set Aside Deed of Trust

In his fourth issue, Michael argues the trial court erred
in granting summary judgment on his suit to set aside deed of trust.

Michael’s petition asserts that Calhoun was not aware of
and did not authorize the execution of the deed of trust from Calhoun to
Joan.  In other words, Michael is
asserting the deed of trust was forged. 
A deed that is forged is void.  Dyson Descendant Corp. v. Sonat Exploration Co., 861 S.W.2d 942, 947 (Tex.
App.—Houston [1st Dist.] 1993, no writ); Morris
v. Wells Fargo Bank, N.A., 334 S.W.3d 838, 843 (Tex. App.—Dallas 2011, no
pet.).  A deed that is void may be
set aside or cancelled.  See Nobles v. Marcus, 533 S.W.2d 923,
925 (Tex. 1976) (determining whether deed could be set aside due to
forgery).  To constitute a forgery, “the
signing must be by one who purports to act as another.”  Id. at 926.

Lisa first argues in her motion for summary judgment that,
assuming Michael could prove his claim, the deed was only voidable instead of
void and Calhoun was the only party that could seek to void the voidable
deed.  Lisa relies on Nobles as authority for this
proposition.  See id. at 927.  

In Nobles, the
Texas Supreme Court held that when a person signs his own name under purported
authority that he does not have, that constitutes fraud, not forgery.  Id. at 926.  A deed
procured by fraud is voidable—not void—by the grantor.  Id.  The court went on to hold that the plaintiff
in the suit was not the grantor and, accordingly, could not seek to have the
voidable deed set aside.  Id. at 927.

In contrast, a deed that is forged is void.  Dyson
Descendant Corp., 861 S.W.2d at 947.  A void deed passes no title.  Dwairy v. Lopez, 243 S.W.3d 710, 712 (Tex.
App.—San Antonio 2007, no pet.); Lighthouse
Church of Cloverleaf v. Texas Bank, 889 S.W.2d 595, 601 (Tex. App.—Houston
[14th Dist.] 1994, writ denied). 
Accordingly, Michael did not need to rely on Calhoun to have the deed
set aside.

Lisa next argued in her motion that there is no evidence
of fraud, defining fraud as:

(1) a material misrepresentation; (2) that was false; (3)
made by the speaker as a positive assertion, with knowledge that it was false
or recklessly made without any knowledge of the truth; (4) made by the speaker
with the intent that the other party act upon it; (5) the party acted in
reliance on the representation; and (6) the party thereby suffered injury.

See In re FirstMerit Bank, N.A., 52
S.W.3d 749, 758 (Tex. 2001) (same). 
Michael has not alleged fraudulent misrepresentation as his basis for
setting aside the deed, however. 
Instead, his basis for setting aside the deed is forgery.  Accordingly, this could not have been a
ground for the trial court to have granted summary judgment.  See
Tex. R. Civ. P. 166a(c).

On appeal, Lisa asserts that the evidence presented by
Michael in his response to her motion is insufficient to establish
forgery.  These issues have not been
preserved for our review.  A summary
judgment motion “must stand or fall on the grounds expressly presented in the
motion.”  McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993).  Because Lisa did not challenge Michael’s
assertion of forgery in her motion for summary judgment—instead claiming she
was entitled to summary judgment on a ground not asserted by Michael:
fraudulent inducement—it cannot be a ground for the trial court to grant
summary judgment.  See Tex. R.
Civ. P. 166a(c).

We sustain Michael’s fourth issue.

                                                                  
Suit to Set Aside Foreclosure Deed

In his fifth issue, Michael argues the trial court erred
in granting summary judgment on his suit to set aside foreclosure deed.

Michael’s petition asserted that, because the deed of
trust is void due to forgery, the foreclosure deed on the deed of trust is
likewise void.  In the alternative,
Michael asserted that neither “Counts nor the trustee performed the requisite
steps necessary to allow foreclosure upon the deed of trust.”  

In his response to Lisa’s motion for summary judgment,
Michael asserted that “it follows that if . . . Michael Johnson is
entitled to have the Deed of Trust set aside [because of forgery], then he is
also entitled to have the associated Foreclosure Deed set aside as well.”  This is correct.  “A foreclosure under a deed of trust passes
title to the purchaser at the foreclosure sale if any portion of the
indebtedness claimed constitutes a valid lien upon the property.”  Mazow v. Brazle,
337 S.W.2d 734, 737 (Tex. Civ. App.—Eastland 1960, no writ).  Because Lisa never challenged Michael’s claim
of forgery in his suit to set aside the deed of trust, it remains a viable
claim.  If the deed of trust is set
aside, it follows that the foreclosure deed must be set aside as well.  See id.  

Just as in the section of her motion for summary judgment
on Michael’s suit to set aside the deed of trust, Lisa does not argue in her
section on Michael’s suit to set aside the foreclosure deed that Michael cannot
prove the deed of trust was forged. 
Accordingly, it cannot be a ground upon which the trial court could have
granted summary judgment.  See Tex.
R. Civ. P. 166a(c).  

Lisa, instead, focuses on Michael’s argument that she had
not complied with the statutory requirements for the foreclosure sale.  Assuming, as we must, that Michael can
prevail on his forgery claim, then no title could have
passed, regardless of whether Lisa complied with the statutory foreclosure
requirements.  It follows, then, that
even if the trial court had granted summary judgment specifically on the ground
that statutory foreclosure requirements had not been complied with, this would
not have wholly disposed of Michael’s claim and reversal on this claim is still
required.  Accordingly, we do not need to
address in this appeal whether the statutory foreclosure requirements were
complied with.  See Tex. R.
App. P. 47.1 (requiring appellate opinions to
address every issue raised and necessary
to final disposition of appeal).

We sustain Michael’s fifth issue.

                                                                                                          
Conclusion

We reverse the trial court’s summary judgment on Michael’s
claims for trespass to try title, suit to set aside deed of trust, and suit to
set aside foreclosure deed.  We affirm
the judgment in all other respects.  We
remand the case to the trial court for further proceedings.

 

 

                                                                      Laura
Carter Higley

                                                                      Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.

Justice Keyes, dissenting.











[1]         Michael alleges that the 1997 deed of trust was created to
place a lien on the condominium in an effort to stop the home owners
association from taking action in a dispute against Michael.





[2]         Lisa has not filed a notice of appeal or otherwise complained
of this action by the trial court. 
Accordingly, the appropriateness of this action is not before us.





[3]         While he did not specifically state in his petition that the
legal theory of a purchase money resulting trust was his basis for claiming
equitable title, Michael did make factual assertions appropriate for this
basis.  “Texas follows a ‘fair notice’
standard for pleading, which looks to whether the opposing party can ascertain
from the pleading the nature and basic issues of the controversy and what
testimony will be relevant.”  Horizon/CMS Healthcare Corp.
v. Auld, 34 S.W.3d 887, 896 (Tex. 2000).  To the degree Lisa was uncertain of the bases
for Michael’s claims, she could have filed special
exceptions.  See Tex. R. Civ. P.
91; Baylor Univ. v. Sonnichsen,
221 S.W.3d 632, 635 (Tex. 2007) (holding purpose of special exceptions is to
compel clarification of pleadings when pleadings are not clear or sufficiently
specific or fail to plead cause of action). 
She did not do this.  Nor did she
address the claim after Michael asserted it more specifically in his response
to her motion for summary judgment.